James A. Patten (I.D. No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 2nd Avenue North, Ste. 300
Billings, MT 59101
Telephone (406) 252-8500
Facsimile (406) 294-9500
E-mail: japatten@ppbglaw.com

Attorney for Robert G. Mullendore

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11- 62141-11 |
| | ) | |
| ROBERT G. MULLENDORE, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## AMENDED CHAPTER 11 PLAN (MAY 31, 2012)

ROBERT G. MULLENDORE, Debtor and Debtor-in-Possession ("Debtor"), hereby proposes the following Amended Plan of Reorganization ("Plan") pursuant to Chapter 11 of Title 11, United States Code (hereinafter the "Bankruptcy Code" or the "Code").

## INTRODUCTION

The Plan is an operating plan and a liquidating plan; the Debtor will continue his business enterprises and he will liquidate certain property. All income to be received during the period of this Plan will come from the payments received from the operation of

1

his business enterprises or from the liquidation of assets. All payments to be made under this Plan will come from those sources.

## ARTICLE I DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms will have the respective meanings hereinafter set forth:

1.01. *Allowed Claim*. Shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or by an order of the Court, or by the terms of this Plan in either case as to which no objection to the allowance thereof has been interposed within applicable period of limitation fixed pursuant to Rule 3003, by an order of the Court, or by the terms of this Plan or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending or (b) which is set out and not claimed as unliquidated, contingent or disputed in Schedules D, E. or F of the Debtors' bankruptcy petition and to which no proof of claim has been filed. The *Allowed Claims* shall not include unmatured or post petition-interest unless otherwise specifically stated in the Plan.

1.02. *Allowed Secured-Claim*. Shall mean an *Allowed Claim* secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under §553 of the Bankruptcy Code, to the extent of the value (determined in accordance with §506 (a) of the Bankruptcy Code), or the interest of the holder of such *Allowed Claim* in the *Debtor*'s interest in such property or the extent of the amount subject to set off as the case may be.

2

1.03. *Confirmation Date*. Shall mean the date upon which an order of confirmation is entered by the Court.

1.04. *Court*. Shall mean the United States Bankruptcy Court for the District of Montana in which the Debtor's Chapter 11 case, pursuant to which this Plan is proposed, is pending or any Court having competent jurisdiction hear to appeals on certiorari proceedings thereon.

1.05. *Debtor*. Shall mean, ROBERT G. MULLENDORE, Debtor and Debtor-in-Possession and Reorganized Debtor.

1.06. *Deficiency Claim*: Shall mean the difference, if any, between Allowed Claim and an Allowed Secured Claim.

1.07 *Effective Date:* Shall mean the date 10 days following the closing of the sale of the Flathead Property.

1.8. *Federal Judgment Rate.* Shall mean the judgment rate of interest described in 28 U.S.C. §1961, currently fixed at 0.18%.

1.9. *Flathead Property.* Shall mean that real property situated on Flathead Lake at Rocky Point, Montana more particularly described as Matterhorn Villa Site, Lot 5 Block 6 and McDonnell Tracts, Lake County, Montana.

1.10. *Mullendore Agricultural Property.* Shall mean that real property situated in Dawson and Wibaux Counties, Montana more particularly described as (a) E1/2 and E1/2W1/2 of Sec. 19, T16N, R56E; (b) lot in Sec. 18, T13N, R54E; (c) Sec. 18, T13N,R54E; (d) W1/2NE1/4 Sec. 25, N1/2 Sec. 9, SE1/4 Sec. 23, S1/2 Sec.33, T17N,

3

R52E; (e) E1/2SW1/4 Sec. 18 T19N, R52E; (f) NE1/4 Sec. 10 T20N, R52E; (g) SE1/4 Sec. 29 T14N, R60E; (h) W1/2 Sec. 17 T14N, R59E; and (i) NW1/4 Sec. 7 T18N, R54E.

1.11. *Order of Confirmation*. Shall mean the order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code which order is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.12. *Plan*. Shall mean the Chapter 11 Plan of reorganization as amended or modified in accordance with the Code.

1.13. *Residence.* Shall mean that real property situated at 125 Takima Drive, Missoula, Montana more specifically described as Lots 1 and 2 on Block K of Pattee Canyon Addition No. 2 to Far Views Homesites in the City of Missoula, Missoula County, Montana.

## ARTICLE II   MEANS FOR IMPLEMENTATION OF THE PLAN

2.01. *Generally*. The Debtor shall receive income from the operation of his law practice, Robert G. Mullendore PS, the refinance or sale proceeds of his business enterprise Path-Wise Corporation, income from his business enterprise First Montana Capital Corporation, and/or the proceeds of sale of the Flathead Property, the proceeds of sale of personal property,   or the proceeds of sale or lease of the oil and gas mineral rights under the Mullendore Agricultural Property will be the source of funds to pay the Allowed Claims in the order of priority.

2.02. *Payment*. All creditors will be paid from these sources.

4

## ARTICLE III - UNCLASSIFIED CLAIMS FOR ADMINISTRATIVE EXPENSES AND PRIORITY CREDITORS AND THE PROVISION FOR PAYMENTS OF EACH

3.01. *Administrative Expenses*.  Any reasonable administrative expense of the *Debtor*'s Chapter 11 case allowed pursuant to §503(b) of the Code and given priority by virtue of §507(a) of the Bankruptcy Code shall be paid first after confirmation except any separately classified administrative expense; administrative expenses may include fees and costs of attorneys, accountants, economic and business consultants, Realtors, appraisers, post petition income taxes, the fees due to the U.S. Trustee, and any administrative expense allowed by application of 11 U.S.C. §503.  No such administrative expense shall be paid until the amount thereof has been approved by an order of the *Court*, except U.S. Trustee's fees, and post-petition income taxes. The administrative expenses shall be fully paid no later than 180 days after the *Effective Date* unless (a) an allowed administrative claimant provides written demand to be paid on or before the Effective Date, or (b) an allowed administrative claimant agrees to be paid on a date after 180 days after the *Effective Date*.

3.02. *Classification.*   The administrative fees other than personal property Lease obligations allowed as a § 503 expense, are unclassified and are not allowed to accept or reject this *Plan*.

3.03   *Debt to Robert G. Mullendore PS*. The Debtor's indebtedness to Robert G. Mullendore PS is a debt to an entity wholly owned by the Debtor and one which has no other creditors. As such, the claim is not classified and will not be paid as part of this Plan.

5

## ARTICLE IV  CLASSIFICATION OF CLAIMS OR INTERESTS

4.01.  *Class I.*  The Class I creditor is the creditor holding a first position mortgage line on the *Residence* and on the *Flathead Property*; the member of this class is First Interstate Bank.

4.02.  *Class II.*  The Class II creditors hold agister's liens on the Debtor's personal property; the members of this Class are Donald Mullendore, Hoffman A.I. Breeders, Alta Genetics, High Plains Genetics LLC, Nokota Genetics, DNA Embryo Transfers Inc., Trans Ova Genetics, Rocky Mountain Moving & Storage, Reyher Embryonics, Mergnethaler Transfer & Storage, Genex CRI, Inc., Origen, Inc., and Universal Semen Sales; Donald Mullendore holds a lien on 136 cows, calves, and 6 bulls, Rocky Mountain Moving & Storage and Mergenthaler Transfer & Storage hold liens on items of furniture, files and equipment, and the remaining members of Class II hold liens on bovine semen or embryos which are in storage with the Class members.

4.03.  *Class III.*  The Class III creditors are the county treasurers of Dawson, Lake, Missoula, Mussellshell, and Wibaux Counties, Montana and the City of Missoula, Montana, who may hold property tax liens on the *Residence*, the *Flathead Property*, the *Mullendore Agricultural Property*, and on certain items of personal property.

4.04.  *Class IV.*  The Class IV creditor holds a lien on certain items of personal property located at the Spruce Street Center in Missoula, Montana including conference room table, 10 conference room chairs, library room table, 8 library room chairs, 3 conference tables, 3 desks, 2 other desks, 7 swivel chairs, 2 book cases, storage cabinet, 2 printer stands, 5 lateral filing cabinets, portable white board, canon

projector, canon copier, 2 HP printers, computer work station, IBM selectric typewriter, paper shredder, blue roof tiles; the member of this class is Silvertip Investments.

    4.05. *Class V.* The *Class V* creditors may hold priority tax claims; the members of this Class are the Internal Revenue Service and the Montana Department of Revenue.

    4.06. *Class VI.* The *Class VI* creditors hold general unsecured claims less than $1,000.00.

    4.07. *Class VII.* The *Class VII* creditors hold general unsecured claims of $1,000.00 or more.

    4.08. *Class VIII.* The *Class VIII* creditor holds a mortgage lien on a portion of the *Mullendore Agricultural Property* but the *Debtor* is not indebted to it; the member of this class is Stockman Bank.

## ARTICLE V - IMPAIRMENT OF CLASSES

    5.01. *Class I.*    The Class I creditor will be impaired.

    5.02. *Class II.*    The Class II creditor will be impaired.

    5.03. *Class III.*    The Class III creditors will be impaired.

    5.04. *Class IV.*    The Class IV creditor will be impaired.

    5.05. *Class V.*    The Class V creditors will be impaired.

    5.06. *Class VI.*    The Class VI creditors will be impaired.

    5.07. *Class VII.*    The Class VII creditors will be impaired.

    5.08. *Class VIII.*    The Class VIII creditor will be impaired.

## ARTICLE VI -PROVISIONS FOR PAYMENT OF CLAIMS

6.01. *Administrative*:   The allowed administrative claims will be paid after the Confirmation Date and upon approval by the Court.

6.02. *Class I*:   The Class I Allowed Secured-Claim will be paid through the sale of the Flathead Property or as provided by Article 6.13. The Flathead Property shall be listed with a reputable real estate broker during the period of this Plan for a sum sufficient to pay the Class I Allowed Secured-Claim. Pending a sale, interest shall accrue on the Class I Allowed Secured- Claim at the rate of 5% per annum. In the event, the Flathead Property has not been sold by September 15, 2014, the Debtor shall engage a real estate auctioneer and an auction to be concluded no later than December 31, 2014. . Any sale shall be first approved by the Court and shall be made pursuant to 11 U.S.C. section 363. Pending a sale, interest shall accrue on the Class I Allowed Secured- Claim at the rate of 5% per annum.

6.03   *Class II*:   The Class II Allowed Claims  will be paid through (a) the sales proceeds of the Flathead Property or as provided by Article 6.13 after the payment of all other classes of creditors, (b) the sales of the property subject to the agisters lien, (c) the sales of other of the Debtor's unsecured personal property, or (d) the Debtor's ordinary income .   Pending full payment, interest shall accrue on the Class II Allowed Claim at the Federal Judgment Rate.

6.04. *Class III:*   The Class III Allowed Claims will be fixed in the amount of $150,938 and paid from the sales proceeds of the Flathead Property or as provided by

8

Article 6.13. Pending a sale, interest shall accrue on the Class IIII *Allowed Secured-Claim* at the rate of 10% per annum.

6.05. *Class IV*: The Class IV *Allowed Claims* will be paid from the sales proceeds of the *Flathead Property* or as provided by Article 6.13. Pending a sale, interest shall accrue on the Class IV *Allowed Secured- Claim* at the rate of 5% per annum.

6.06. Class V: The Class V *Allowed Claims* will be paid from the sales proceeds of the *Flathead Property* or as provided by Article 6.13. Pending a sale, interest shall accrue on the Class V *Allowed Claim* at the rates provided by statute.

6.07. *Class VI*: The Class VI *Allowed Claims* will be paid, with interest accruing at the *Federal Judgment Rate*, within one year of the *Confirmation Date*.

6.08 *Class VII*: The Class VII *Allowed Claims* will be paid, with interest accruing at the Federal Judgment Rate, upon closing the sale of the *Flathead Property* or as provided by Article 6.13.

6.09. *Class VIII*: The Class VIII *Allowed Claim* will be in accordance with the terms of the loan agreement between the Class VIII claimant and Don Mullendore.

6.10. *Interest Rates.* The interest rate set out in paragraphs 6.02 through 6.09 are effective commencing on the *Confirmation Date*.

6.11. *Retention of Liens.* The holders of Class I, II, III, IV and VIII Allowed Secured-Claims shall retain their liens, if any, until their claim secured by said lien is satisfied in accordance with this *Plan* or, if disputed, until the Debtor escrows the disputed claim amount in accordance with paragraph 8.04.

9

6.12.   *Class VII Election*.   Any holder of a Class VII *Allowed Claim* may elect at the time of filing ballots accepting or rejecting the *Plan* to receive treatment as a Class VI claimant and shall be allowed and be paid a claim of $1000.

6.13   *Other means of Payment*.   Pending the Effective Date, the Debtor may, with Court approval, liquidate other property interests and shall use the proceeds to pay the Allowed Claims. The proceeds of the sale of other property interests shall be applied, as appropriate, first to any class of claims holding a lien on the property sold, , next to the administrative claims, next to any class of claims in accordance with the terms of this Plan.

## ARTICLE VII - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## EXECUTORY CONTRACTS.

7.01.   The *Debtor* hereby accepts all executory contracts the unexpired personal property leases, and the unexpired real property leases existing as of the commencement of this case or whose entry was approved by the Court during the pendency of this case. Notwithstanding the foregoing, the Debtor may, at any time prior to the Confirmation Date, amend this Article 7.01 and reject any executory contract or unexpired personal property or real property lease; any such rejection shall be made by a motion presented to the Court in accordance with the Local Bankruptcy Court Rules. Any rejected executory contract or unexpired personal property or real property lease shall be deemed to have cast a ballot rejecting this Plan in the amount of the estimated rejection damages.

7.02.  All executory contracts and leases not assumed will be deemed rejected as of the Confirmation Date. Any counter-party to a rejected executory contract or unexpired lease shall have a period of 30 days after the Confirmation Date to file a Class VI or Class VII claim for the rejection damages. Any such claim not timely filed will be disallowed and will receive no distribution under this Plan.

## ARTICLE VIII - MISCELLANEOUS PROVISIONS

8.01. Upon confirmation, the Debtor shall be revested with all assets and shall retain all property during the term of the Plan as provided herein.  The secured creditors and holders of security interests shall retain any security or other interest in the Debtor's property in accordance with the provisions of Article VI until their claims have been satisfied as prescribed herein.

8.02.  The Court shall retain jurisdiction of the Debtor and its operations subsequent to confirmation of the Plan for the following purposes only:

(a) Allowing claims and hearing objections thereto;
(b) Reserving any adversary proceedings pending;
(c) Allowing and approving the payment of administrative expenses;
(d) Approving the sale of the Debtor's property not in the ordinary course of business; and
(e) Any other matter reasonably necessary for the Debtor's implementation and consummation of this Plan.

8.03.  All claimants identified in the Debtor's Schedules D, E, or F, as "disputed," "liquidated," or "contingent" must have filed a proof of claim not later than 60 days after the Confirmation Date.  Creditors who do not file a proof of claim will be allowed a claim consistent with the Debtor's bankruptcy schedules. All claimants asserting a Deficiency Claim must file a proof of claim no later than 60 days after the Confirmation Date. The

Debtor may file a protective proof of claim pursuant to Bankruptcy Rule 3004 for any creditors, including those not indicated on Schedules D, E, or F as "disputed," "unliquidated," or contingent." The *Debtor* must file any objections to proofs of claim no later than 120 days after the *Confirmation Date*. The *Debtor* may file an objection to a protective proof of claim filed by the *Debtor* pursuant to Bankruptcy Rule 3004.

8.04. No claim marked on the Debtor's schedules D, E, or F as "disputed," liquidated," or "contingent" or a *Deficiency Claim* shall be paid unless a timely proof of claim is filed. If an objection is made to a proof of claim, any distribution otherwise payable under this *Plan* shall be stayed until a final order is entered with respect to the objection.

8.05. Stipulations with creditors may be filed which will modify the terms of this *Plan* if the stipulations so specify. The stipulations approved by the *Court* under the authority of this provision are incorporated herein as if set forth in full and shall be binding upon the parties to the stipulation upon confirmation of the Plan. Any discrepancy or inconsistency between the terms of this Plan and any stipulation filed pursuant to this provision and approved by the *Court* shall be resolved by resort to the stipulation, which shall control.

8.06 The *Debtor* reserves the right to object to any proof of claim already filed or which will be filed in accordance with this Plan; the Debtor reserves its claims against any creditor filing a proof of claim.

8.07. The *Debtor* specifically reserves any claim or cause of action it may hold; however, any claim or cause of action asserted against any claimants herein must at least

12

be asserted as an offset to any proof of claims to which an objection is asserted by the *Debtor*.

### ARTICLE IX - SATISFACTION OF INDEBTEDNESS AND INJUNCTION

9.01    Except as otherwise expressly provided by law, on and after the *Confirmation Date*, all holders of any claim or cause of action or any rights of any kind whatsoever against the *Debtor* or *Debtor in Possession* shall be enjoined from collecting any claims or pursuing any cause of action against the Reorganized *Debtor*, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this Plan assertable against the *Debtor*, the *Debtor in Possession* or the Reorganized *Debtor*. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an *Allowed Claim*, or (d) the holder thereof voted to accept the *Plan*.

DATED this 31st day of May, 2012.

**ROBERT G. MULLENDORE**

By: /s/ *Robert G. Mullendore*