UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBERT G. MULLENDORE**,<br><br>Debtor. | Case No. **11-62141-11** |

**MEMORANDUM OF DECISION**

At Butte in said District this 22nd day of September, 2014.

Pending in this Chapter 11 case is the Debtor's Application (Document No. 219) to approve employment of Lawrence Hayes & Associates ("Hayes") as broker to market and sell Debtor's real property located in Dawson County, Montana, at a commission rate of 8 percent (8%) or less of the sales price.  The Office of U.S. Trustee filed an objection on the grounds that the Debtor, two years post-confirmation, no longer is a debtor-in-possession with trustee powers to employ professionals, that the Debtor has no need to seek court approval for employment of professionals to sell non-estate property, and that the confirmed Plan does not provide that this Court retains jurisdiction over the employment of professionals.  A hearing on this contested matter was held at Missoula after due notice on September 3, 2014.  Debtor was represented by attorney James A. Patten ("Patten") of Billings.  Neal G. Jensen ("Jensen") appeared on behalf of the U.S. Trustee.  No testimony or exhibits were admitted.  Argument of counsel was heard, at the conclusion of which the Court took the matter under advisement.  After review of the Application and objection, and applicable law, this matter is ready for decision.  For the reasons set forth below the Debtor's Application to approve employment of Hayes will be denied

1

approval.

This Court has jurisdiction of this Chapter 11 bankruptcy under 28 U.S.C. § 1334(a). Debtor's application to approve employment is a core proceeding under 28 U.S.C. § 157(b)(2). Debtor's attorney Patten argued at the hearing that the Debtor needs to employ Hayes as broker to sell Debtor's real property and that the Debtor does not want to risk that the professional may go uncompensated for his services.[1]  Jensen responded that, pursuant to the Debtor's confirmed Chapter 11 Plan, the property of the estate was revested in the Debtor and the Debtor seeks to sell property which no longer is property of the estate and. thus, the Court no longer has jurisdiction to approve such sales.

## BACKGROUND FACTS & PROCEDURAL HISTORY

Debtor commenced this Chapter 11 case by filing a voluntary petition on November 9, 2011. Debtor filed his plan and disclosure statement, and filed an Amended Chapter 11 Plan on June 4, 2012. Debtor's Amended Plan (Doc. 91), as modified by stipulations (hereinafter the "Plan"), was confirmed on September 7, 2012, after objections to confirmation were resolved by settlement.

The confirmed Plan is both an operating plan and a liquidating plan, in which "the Debtor will continue his business enterprises and he will liquidate certain property." At paragraph 1.05 the Plan defines "Debtor" as "Robert G. Mullendore, Debtor and Debtor-in-Possession and Reorganized Debtor."

---

[1] Where such risk comes from is not explained. The U.S. Trustee having objected on the record that court approval of retention or compensation is not required after confirmation of Debtor's Plan, any objection to compensation by the U.S. Trustee at some later time would appear subject to an estoppel argument.

Paragraph 3.01 in Article III of the Plan governs payment of administrative expenses, including realtor fees. It states that administrative expenses "shall be fully paid no later than 180 days after the *Effective Date*" unless the allowed administrative claimant provides written demand to be paid earlier, or an allowed administrative claimant agrees to be paid on a date after 180 days after the Effective Date. Plan, para. 3.01 (Emphasis in original). "Effective Date" is defined at paragraph 1.07 as the date 10 days following the closing of the sale of the "*Flathead Property*," which is defined as real property at "Matterhorn Villa Site, Lot 5, Block 6 and McDonnell Tracts, Lake County, Montana." Article VI provides that Classes I, II, III, IV, V, and VII will be paid from the proceeds of sale of the Flathead Property. The case docket does not appear to show any motion for approval of sale of the Flathead Property has been filed to date. Debtor's Application to employ Hayes is for the purpose of selling real property located in Dawson County, Montana, which is different from the Flathead Property.

Paragraph 8.01 provides that "Upon confirmation, the *Debtor* shall be revested with all assets and shall retain all property during the terms of the *Plan* as provided herein." (Emphasis in original). Paragraph 8.02 of the confirmed Plan provides:

> The Court shall retain jurisdiction of the Debtor and its operations subsequent to confirmation of the *Plan* for the following purposes only:
>
> (a) Allowing claims and hearing objections thereto;
> (b) Reserving any adversary proceedings pending;
> (c) Allowing and approving the payment of administrative expenses;
> (d) Approving the sale of the Debtor's property not in the ordinary course of business; and
> (e) Any other matter reasonably necessary for the *Debtor*'s implementation and consummation of this Plan.

**DISCUSSION**

### A. Jurisdiction.

The U.S. Trustee's attorney Jensen argued that this Court loses jurisdiction post-confirmation to approve sales of the Debtor's property. Paragraph 8.02(d) provides that the Court shall retain jurisdiction. Such a reservation of jurisdiction in a plan, while significant, is not determinative. *See, e.g., In re DN Associates*, 165 B.R. 344, 347 (Bankr. D. Me. 1994) (citing cases). A confirmed plan cannot create jurisdiction where none exists. *Id.* On the other hand, the court in *DN Associates* recognized that allowance of administrative fees and expenses, which is the Debtor's primary concern in the instant Application to approve Hayes' employment,[2] "is fundamentally within this court's statutory jurisdiction, . . ., and exercise of post-confirmation jurisdiction over such issues is entirely proper." *Id.*, citing 11 U.S.C. §§ 330, 503, 507(a)(1), and 28 U.S.C. § 157(b)(2)(A).

The Ninth Circuit *In re Ray*, 624 F.3d 1124, 1131-36 (9th Cir. 2010), discusses jurisdiction "arising in" and "arising under" the Bankruptcy Code, "related to" a bankruptcy case, and ancillary jurisdiction. The court explained that a proceeding "arises under" the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, i.e., if it involves a cause of action created or determined by a statutory provision of the Code. *Ray,* 624 F.3d at 1131. While employment of professionals is specifically addressed under § 327 of the Code, one might quibble whether or not it is a substantive provision. The fact that a bankruptcy statute is implicated does not transform a statute into substantive right to relief for the purpose of bankruptcy jurisdiction. *In re Wilshire Courtyard*, 729 F.3d 1279, 1286 (9th Cir. 2013).

---

[2] Patten stated at the hearing that the Debtor does not want to risk that the professional go unpaid for his services.

A matter "arises in" a bankruptcy case "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum." *Ray*, 624 F.3d at 1131. Since Debtor's application to employ Hayes is brought under § 327(a) of the Bankruptcy Code, it seems evident that it is an administrative matter unique to the bankruptcy process and this case and the Court has "arising in" jurisdiction.

Discussing "related to" jurisdiction the Ninth Circuit observed: "Although 'post-confirmation bankruptcy court jurisdiction is necessarily more limited than pre-confirmation jurisdiction,' the set of cases 'related to' a bankruptcy case is 'much broader' than the set of 'arising under' cases. *In re Pegasus Gold Corp.*, [394 F.3d 1189, 1193, 1194 (9th Cir. 2005)." In considering whether a bankruptcy court had jurisdiction over a state contract action related to a post-confirmation liquidation plan the Ninth Circuit adopted as "close nexus" test where the "essential enquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Ray*, 624 F.3d at 1134; *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 548 (9th Cir. 2006); *Pegasus Gold*, 394 F.3d at 1194.

In *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013), the Ninth Circuit criticized the BAP's "too narrow" version of the "close nexus" test from *Ray* and *Valdez Fisheries*, stating: "We reaffirm that a close nexus exists between a post-confirmation matter and a closed bankruptcy proceeding sufficient to support jurisdiction when the matter "affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan." 729 F.3d at 1289, quoting *Pegasus Gold*, 394 F.3d at 1194. The Ninth Circuit further held that post-confirmation jurisdiction is consistent with the equitable objectives of the

Bankruptcy Code despite the fact that plan transactions may have been long since consummated. *Wilshire Courtyard*, 729 F.3d at 1292, 1293.

Debtor's Application to employ Hayes to sell property as proposed in the confirmed plan is, in this Court's opinion, a close enough nexus to the Plan to support "related to" jurisdiction.

Finally, ancillary jurisdiction may exist either (1) to permit disposition by a single court of factually interdependent claims, or (2) to enable a court to vindicate its authority and effectuate its decrees. *Ray*, 624 F.3d at 1135, quoting *In re Valdez Fisheries*, 439 F.3d at 549; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The Ninth Circuit explained:

> Ordinarily, once the bankruptcy court confirms a plan of reorganization . . . [a] debtor is usually without the protection of the bankruptcy court." *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 589 (9th Cir. 1993).
>
> * * * *
>
> "[O]nce the bankruptcy court confirms a plan of reorganization, the debtor is free to go about its business without further supervision or approval of the court, and concomitantly, without further protection of the court." *Sw. Marine, Inc. v. Danzig*, 217 F.3d 1128, 1140 (9th Cir. 2000).

*Ray*, 624 F.3d at 1136.

Neither of the bases for ancillary jurisdiction appear in the record. No factually interdependent claims exist requiring disposition by a single court; this Court does not need to vindicate its authority and effectuate its decrees. On the other hand, it is possible that "arising in" jurisdiction applies. It is almost certain that "arising under" jurisdiction applies because Debtor seeks employment of a professional under a provision of the Bankruptcy Code to effectuate sales pursuant to a confirmed plan. "Related to" jurisdiction certainly applies because

a close nexus exists between Debtor's Application and the confirmed Plan sufficient to uphold bankruptcy court jurisdiction. *Ray*, 624 F.3d at 1134; *Pegasus Gold*, 394 F.3d at 1194. Having concluded that this Court has jurisdiction, the Court proceeds to determine whether it should decide in Debtor's favor.

### B. Employment of Professional.

Employment of professional persons, such as an attorney or realtor as in the instant matter, is governed by 11 U.S.C. § 327(a) which provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 1107(a) provides that a debtor in possession "shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter." Under § 1107(a), the debtor in possession has the power to employ professional persons under § 327(a).

"Debtor" and "debtor in possession" are not the same term. "Debtor" is defined at 11 U.S.C. § 101(13) as "person or municipality concerning which a case under this title has been commenced." "Debtor in possession," as defined at 11 U.S.C. § 1101(1), "means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case." The Debtor in this case was serving as debtor in possession until his Plan was confirmed, and as such he had the trustee power under § 327(a) to employ professionals, including attorneys and realtors.

After confirmation, however, pursuant to § 1141(b): "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." The confirmed Plan provides as much at Paragraph 8.01: "Upon confirmation, the *Debtor* shall be revested with all assets and shall retain all property during the term of the *Plan* . . . ." Having been revested with all assets, the Debtor upon confirmation no longer has the status and trustee powers of a debtor in possession under § 1107(a), including the trustee's power to employ professionals under § 327(a), or the trustee's power to compensate professionals under § 330(a)(1). That is not to say, however, that the Debtor may not, post-confirmation, employ and compensate professionals without court approval.

A leading bankruptcy commentator explains:

> Under the Code, as under prior law, court approval is not necessary for the appointment of an attorney for the debtor in a liquidation case under chapter 7, an attorney for the debtor in a chapter 13 case or an attorney for the debtor *out of* possession in a chapter 11 case.
>
> Before the enactment of the Bankruptcy Reform Act of 1994, section 330(a) explicitly included the debtor's attorney as a professional who could be compensated from the estate. That Act deleted the reference to the debtor's counsel in a manner that several circuit courts concluded was inadvertent. Some circuits courts, however, refused to permit debtor's counsel to be compensated from the estate after the amendment. The Supreme Court resolved the issue in *Lamie v. Unites States Trustee* [540 U.S. 526, 124 S.Ct. 1023, 1028, 157 L.Ed.2d 1024 (2004) (agreeing with the Fifth and Eleventh Circuits and rejecting the interpretation by the Second, Third and Ninth] by holding that the plain language of the statute controlled and that the debtor's counsel could not be compensated pursuant to section 330 since it could not be retained pursuant to section 327.

3 Lawrence P. King *et al.*, COLLIER ON BANKRUPTCY ¶ 327.05[3] (16th ed. Rev. 2013).

Applying a plain meaning approach to statutory interpretation, the Supreme Court held "that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate

funds, unless they are employed as authorized by § 327." *Lamie*, 540 U.S. at 538, 124 S.Ct. 1023. Earlier, the Court noted that § 330(a)(1) "authorizes an award of compensation to one of three types of persons: trustees, examiners, and § 327 professional persons." *Id.*, 540 U.S. at 534. While *Lamie* held that a debtor's attorney not engaged as provided at § 327 is not included within the class of persons eligible for compensation, the same reasoning must apply to any professional not engaged under § 327. When the language of a statute is plain, the sole function of the courts is to enforce it according to its terms unless the disposition required by the text is absurd. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

Because the Debtor in the instant case, post-confirmation, no longer has the trustee powers of a debtor in possession, he is not entitled to court approval of Hayes' employment as a professional person under § 327(a). Because of that Debtor cannot, pursuant to trustee powers under § 330(a)(1), seek from the court an award for a professional person employed under § 327. § 330(a)(1). Because the Debtor cannot obtain an award of fees from this Court for Hayes pursuant to § 330(a)(1), his application to employ Hayes as professional is futile.

This conclusion does not result in a hardship to the Debtor or Hayes, even though this Chapter 11 Debtor no longer is a debtor in possession. As COLLIER notes: "An individual debtor may also pay his or her attorney fees for postpetition services from property that is not property of the estate, such as postpetition earnings." 3 COLLIER ON BANKRUPTCY ¶

9

330.02[3][a] (16th ed. Rev. 2010). Based upon § 1141(b) and paragraph 8.01 of the confirmed Plan, the Debtor has been revested with all property of the estate, and is free to hire and compensate professionals from property that is not property of the estate. *See, Ray*, 624 F.3d at 1136, quoting *Sw. Marine, Inc. v. Danzig*, 217 F.3d at 1140.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying approval of Debtor's Application (Doc. 219).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana